UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ANGELICA V. PEREZ | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | CAUSE NO. 2:11-CV-451-JRG |
| | § | |
| PITTSBURG INDEPENDENT SCHOOL DISTRICT | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

### I.   Introduction and Background

Before the Court is Plaintiff Perez's Motion to Compel Pittsburg ISD to Answer Interrogatories (Dkt. No. 10). The Court, having considered the parties' briefing, finds that the motion should be GRANTED-IN-PART and DENIED-IN-PART as discussed below.

Plaintiff Angelica V. Perez ("Perez") sued Pittsburg Independent School District ("PISD") under Title VII of the Civil Rights Act of 1964 based on her allegations of pregnancy discrimination. Perez alleges that her employment with PISD was terminated after informing her direct supervisor of her pregnancy.

On May 16, 2012, Perez filed the instant Motion to Compel, addressing five interrogatories to which PISD objects. The disputed interrogatories are as follows:

> **Interrogatory No. 14**: For each individual given in answer to either Interrogatory No. 12 or Interrogatory No. 13 and who is female, state whether at any time from August 19, 2010 to the present she has ever communicated to Pittsburg Independent School District ("PISD") that she is pregnant; if the answer is anything other than an unqualified no, give the date (mm.dd.yr) of the communication, the form this communication took (*e.g.* face-to-face, telephone, email, letter, *etc.*), and the name and job title of the individual who, on behalf of PISD, received the communication.
>
> **Interrogatory No. 16**: For the period from August 19, 2005 to the present, give the name, job title, address and telephone number for each current or former employee of Pittsburg Independent School District ("PISD") who has ever made a statement – either to PISD directly, or to any other person – to the effect that s/he was being or has been treated unfairly with regarding to any terms or conditions of his/her employment at PISD because of his/her gender.

1

**Interrogatory No. 17**: for the period from August 19, 2005 to the present, give the forum, number, and style for all cases, lawsuits, charges of discrimination, arbitrations, or other proceedings where any current or former employee of Pittsburg Independent School District ("PISD") has ever alleged, in whole or in part, that PISD violated Title VII of the Civil rights Act with regard to his/her gender ,or that PISD violated any state anti-discrimination statute (*e.g*. Tex. Lab. Code § 21.051) with regarding to his/her gender.

**Interrogatory No. 21**: This interrogatory concerns Pittsburg Independent School District's ("PISD's") so-called grievance policy, which is referenced on page 27 of PISD's handbook, and which, presumably, is referenced in *Defendants' [sic] First Request for Admissions* at No. 6. Given the name, job title, address and telephone number for each current or former employee of PISD who has ever filed a grievance pursuant to this policy at any time form August 19, 2005 to the present; identify all "documents, electronically stored information, and tangible things," as that phrase is used in Fed. R. Civ. P. 34, that you have received, directly or indirectly, from that current or former employee in connection with each grievance s/he has brought during that time; and, identify all "documents, electronically stored information, and tangible things," as that phrase is used in Fed. R. Civ. P. 34, that you have tendered, directly or indirectly, to that current or former employee in connection with each grievance s/he has brought during that time.

**Interrogatory No. 22**: With regarding to each current or former employee given in answer to Interrogatory Number 21, state whether s/he did or not prevail on each grievance s/he brought.

## II.   Discussion

Plaintiff seeks an answer to Interrogatory No. 14 to satisfy her burden of proving that PISD replaced her with someone outside the applicable protected class in this case of pregnant women. Defendant PISD objects that Interrogatory No. 14 is not reasonably calculated to lead to the discovery of relevant evidence, is overly broad, poses an undue burden, and seeks protected personal health information of individuals, which prohibited by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").

The Court finds that the request may lead to the discovery of evidence relevant to this case, is not overly broad, and does not pose an undue burden on Defendant. Further, Defendant fails to establish HIPAA's applicability to itself as an employer. Finally, whether certain employees of PISD are or have been pregnant during the relevant time period, without requesting more specific health information regarding such pregnancy, is not the type of "protected health information" covered by HIPAA. Accordingly, the Court OVERRULES Defendant's objections to Interrogatory No. 14.

Plaintiff seeks an answer to Interrogatory Nos. 16 and 17 to establish Defendant's alleged pretext and pattern of bias against pregnant women. Defendant objects that these interrogatories are not reasonably calculated to lead to the discovery of admissible evidence, are overly broad, pose an undue burden on Defendant, and specifically, are not limited as to time/scope.

The Court finds that such interrogatories may lead to the discovery of admissible evidence, are not overly broad, and do not pose an undue burden on Defendant. Specifically, the interrogatories are limited in scope to allegations of gender-specific mistreatment and gender-related proceedings and/or adjudications. They are further limited by the relevant time period. Accordingly, the Court OVERRULES Defendant's objections to Interrogatory Nos. 16, and 17.

Plaintiff seeks an answer to Interrogatory Nos. 21 and 22 based on PISD's previously propounded discovery related to Plaintiff's use of PISD's grievance policy. Defendant objects that these interrogatories are not reasonably calculated to lead to the discovery of admissible evidence, are overly broad, and pose an undue burden on Defendants. Defendants further object that they require disclosure of confidential personnel information.

The Court finds that such interrogatories may lead to discovery of admissible evidence. However, the Court finds that Interrogatory No. 21 is overly broad and burdensome, and that Interrogatory No. 22 is wholly dependent on Interrogatory 21; thus, it is considered by the Court to be equally burdensome. Accordingly, the Court SUSTAINS Defendant's objections to Interrogatory Nos. 21 and 22, as they currently stand. However, this ruling does not preclude Plaintiff from propounding more narrowly tailored interrogatories to address these same areas of inquiry. The Court also finds that while such information may be potentially confidential, such should not limit Defendant's ability to produce the same. Upon request, the Court will entertain a proposed protective order to address Defendant's confidentiality concerns concurrent with such production. Accordingly, the Court DENIES the Motion to Compel as to Interrogatories Nos. 21 and 22, but grants Plaintiff leave to propound a narrower version of the same, as addressed above.

**III.     Conclusion**

Based on the foregoing, the Court GRANTS-IN-PART the Motion to Compel, and Defendant is hereby ORDERED to answer Plaintiff's Interrogatory Nos. 14, 16, and 17 within fourteen (14) days of the date of this Order.  The Motion to Compel as to Interrogatory Nos. 21 and 22 is DENIED for the reasons cited above.

**So ORDERED and SIGNED this 31st day of July, 2012.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE